IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

UNITED STATES OF AMERICA

v.



MAGNER LOPEZ-MEJIA (4)

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

SEALED
No. 4:20-CR-369
Judge Mazzant

**FILED**

JUN 1 0 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

## FIRST SUPERSEDING INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation: 21 U.S.C. § 963 (Conspiracy to Manufacture and Distribute Cocaine Intending, Knowing, and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States)

That sometime in or about January 2019, and continuously thereafter up to and including the date of this First Superseding Indictment, in Colombia, Ecuador, Panama, Costa Rica, Guatemala, Mexico, Venezuela, and elsewhere,



First Superseding Indictment
Page 1

**Magner Lopez-Mejia**



defendants, did knowingly and intentionally combine, conspire, and agree with each other and other persons known and unknown to the United States Grand Jury, to knowingly and intentionally manufacture and distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a schedule II controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959(a) and 960.

In violation of 21 U.S.C. § 963.

## Count Two

> Violation: 21 U.S.C. § 959 (Manufacturing and Distributing Five Kilograms or More of Cocaine Intending, Knowing and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States)

That sometime in or about January 2019, and continuously thereafter up to and including the date of this First Superseding Indictment, in Colombia, Ecuador, Panama, Costa Rica, Guatemala, Mexico, Venezuela, and elsewhere,



**Magner Lopez-Mejia**

First Superseding Indictment
Page 2

defendants, did knowingly and intentionally manufacture and distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending, knowing, and with reasonable cause to believe that such cocaine would be unlawfully imported into the United States.

In violation of 21 U.S.C. § 959.

## Count Three

> Violation:  21 U.S.C. § 963 (Conspiracy to Distribute and Possess with the Intent to Distribute by Person on Board an Aircraft)

That from sometime in or about January 2018, and continuously thereafter up to and including the date of this First Superseding Indictment, in the Eastern District of Texas and elsewhere,



**Magner Lopez-Mejia**

defendants, did knowingly and intentionally combine, conspire, and agree with each other and other persons known and unknown to the United States Grand Jury, to distribute and possess with the intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, while on board an aircraft owned by a United States citizen and registered in the United States, in violation of 21 U.S.C. §§ 959(c)(2) and 960(a)(3).

First Superseding Indictment
Page 3

In violation of 21 U.S.C. § 963.

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

From their engagement in the violations alleged in this First Superseding Indictment, the defendants shall forfeit to the United States, pursuant to 21 U.S.C. § 970, incorporating the provisions of 21 U.S.C. §§ 853(a)(1) and (2), all of their interest in:

    a.    Property constituting and derived from any proceeds the defendant obtained, directly or indirectly, as the result of such violation; and

    b.    Property used and intended to be used in any manner or part to commit or to facilitate the commission of such violation.

    c.    A sum of money equal to $400,000 in United States currency, and all interest and proceeds traceable thereto, representing the amount of proceeds obtained by defendants as a result of the offenses alleged in this First Superseding Indictment.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;
    b.    has been transferred or sold to, or deposited with, a third person;
    c.    has been placed beyond the jurisdiction of the court;
    d.    has been substantially diminished in value; or
    e.    has been commingled with other property which cannot be divided without difficulty.

The United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), and as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL

_____
GRAND JURY FOREPERSON

First Superseding Indictment
Page 4

NICHOLAS J. GANJEI
ACTING UNITED STATES ATTORNEY


_____                    _____
ERNEST GONZALEZ                                     Date
COLLEEN BLOSS
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

UNITED STATES OF AMERICA

v.



MAGNER LOPEZ-MEJIA (4)

§
§   SEALED
§   No. 4:20-CR-369
§   Judge Mazzant
§
§
§
§
§
§
§
§
§
§
§

### NOTICE OF PENALTIES

### Count One

Violation:   21 U.S.C. § 963

Penalty:   Imprisonment for not less than ten (10) years or more than life, a fine not to exceed $10,000,000.00 or both.  A term of supervised release of at least five (5) years.

Special Assessment: $100.00

### Count Two

Violation:   21 U.S.C. § 959

Penalty:   Imprisonment for not less than ten (10) years or more than life, a fine not to exceed $10,000,000.00 or both.  A term of supervised release of at least five (5) years.

Special Assessment: $100.00

Notice of Penalties
Page 1

## Count Three

Violation:     21 U.S.C. §§963 and 959(c)(2)

Penalty:       Imprisonment for not less than ten years or more than life, a fine not to exceed $10,000,000.00 or both.  A term of supervised release of at least five years

Special Assessment:  $100.00

Notice of Penalties
Page 2